UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN L. HEATON,

    Plaintiff,

-vs-

Case No. 10-12394
HON. AVERN COHN

BANK OF AMERICA CORPORATION
f/d/b/a COUNTRYWIDE HOME LOANS,
INC., REALTIME SOLUTIONS, INC.
f/d/b/a AMERICA'S WHOLESALE
LENDER n/d/b/a BANK OF AMERICA
CORPORATION, NATASHA BELL,
JODY POLLOCK, DALE MICHAEL
GOLDBERG f/d/b/a PRIORITY
FINANCIAL, LLC, LAND TITLE
MANAGEMENT CORP., f/d/b/a
BIRMINGHAM BLOOMFIELD LAND
TITLE CORP., SUSAN L. FISHER,
DANIEL VINES d/b/a THE
VALUATION GROUP and LANDSAFE
CREDIT INC.,

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

### I. Introduction

This case involves defaults on a mortgage loan and home equity line of credit.[1]

Plaintiff Brian L. Heaton (Heaton) is suing the following defendants raising a host of claims

---

[1] It is not clear from the parties' papers at what stage the loan defaults are currently in, i.e., whether foreclosure proceedings have begun. Heaton asks the Court to enjoin "defendants" from foreclosure, so it seems as if the loans are in default and that foreclosure proceedings have not yet commenced. Similarly, BOA's brief states that Heaton has attempted to delay foreclosure proceedings by entering into a repayment plan to cure the defaults and by filing a notice of rescission.

relating to the defaults: Bank of America Corporation,[2] Countrywide Home Loans, Inc. (Countrywide), Realtime Solutions (Realtime), Natasha Bell (Bell); Jody Pollock (Pollock); Dale Goldberg (Goldberg); Land Title Management Corporation (Land Title); Susan L. Fisher (Fisher); Daniel Vines (Vines); and Landsafe Credit, Inc. (Landsafe) (collectively defendants).[3]

Before the Court are two motions: first, Land Title and Fisher[4] (collectively Land Title) move to dismiss or for summary judgment; second, Bank of America Corporation, Countrywide, and Landsafe (collectively BOA) move to dismiss or for summary judgment. Following oral argument on June 22, 2011, Heaton submitted a supplemental filing at the Court's request in support of his argument against dismissal or summary judgment. (Doc. 46). On July 21, 2011, BOA and Land Title filed responses. (Docs. 47, 48).

The matter is now ready for decision. For the reasons that follow, the motions to dismiss will be granted and the case will be dismissed as to all defendants.[5]

---

[2]During a December 14, 2010, status conference, it appears from the Court's notes that the parties agreed to dismiss Bank of America Corporation as a defendant. However, a stipulation was never filed to memorialize the agreement. Because of the Court's decision on the present motions, the matter is deemed moot.

[3]On September 21, 2010, Heaton stipulated to the dismissal of Realtime (Doc. 12).

[4]In Land Title's reply to a supplemental filing submitted by Heaton, (Doc. 48), Land Title indicates that its arguments and requests for relief are also made on behalf of Fisher.

[5]Defendants Goldberg, Bell, Pollock, and Fisher did not originally join the motions presently before the Court. However, BOA argues in its reply brief that the claims against them should also be dismissed. (Doc. 38). The Court agrees. The claims against all named defendants will be dismissed for reasons discussed in this memorandum.

## II. Background

On March 15, 2006, Heaton, working with Goldberg, a mortgage broker, obtained two loans from Countrywide: a mortgage loan for $298,000.00, and a home equity line of credit for $62,000.00. Heaton defaulted on the loans. To cure the defaults, on February 12, 2007, Heaton entered into a repayment plan with Countrywide. Almost a year later, Heaton defaulted on the repayment plan.

Heaton first filed suit in Monroe County Circuit Court. On November 5, 2008, the case was dismissed because Heaton failed to pay to have the case transferred to the proper venue. On May 6, 2010, Heaton re-filed in Monroe County Circuit Court. On June 17, 2010, BOA removed the case to this Court on diversity grounds.[6]

## III. Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive the motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). This Court is "not bound to accept as true a legal conclusion couched as factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and citation removed). Moreover, "[o]nly a complaint

---

[6] During a December 14, 2010, status conference, the Court ordered Heaton to amend its complaint within 30 days. (Doc. 27). On January 31, 2011, Heaton filed a second amended complaint. The second amended complaint now includes statements that Heaton filed a notice of rescission and an additional count, claiming a RICO violation. (Doc. 28).

that states a plausible claim for relief survives a motion to dismiss." Id.

## IV.  Analysis

### A.  Count I - Breach of Fiduciary Duty, as to Goldberg, Bell, Pollock, Land Title, and Fisher

In Count I, Heaton first claims that Goldberg is liable because he did not select the proper mortgage product for him relating to the loans.  Heaton further claims that the following defendants are liable because they did not adequately perform their respective duties during the loan closings, including failing to correct loan document deficiencies such as an error with the interest rate on the $65,000.00 loan: Goldberg, Bell and Pollock, in their capacities as Countrywide agents involved in preparing the closing documents on Heaton's loans; Land Title, the title management company involved in the loans; and Fisher, the Land Title notary public that notarized Heaton's loan documentation.

As Land Title asserts, to prevail on a claim of breach of fiduciary duty under Michigan law, Heaton must show that he "reasonably reposed faith, confidence, and trust" in the alleged fiduciary.  Rose v. Nat'l Auction Group, Inc., 466 Mich. 453, 469 (2002); see also Dietrich Family Irrevocable Trust v. Greco Title Co., 2008 WL 509845, *3 (Mich. App. Feb. 26, 2008) (affirming dismissal of breach of fiduciary duty claim where plaintiff failed to show more "than an ordinary, albeit long-term, business relationship, not a fiduciary, confidential, trust-based relationship").

Here, like Dietrich, Heaton's complaint does not demonstrate that he had anything other than an ordinary business relationship with Goldberg, Bell, and Pollack.  That is, the claims do not establish that their interactions were fiduciary, confidential, or trust-based in

nature. As such, the claim must be dismissed.

### B. Count II - Violation of the Truth In Lending Act, as to all defendants

In Count II, Heaton claims that defendants violated the Truth In Lending Act (TILA), 15 U.S.C. § 1600 et seq. As both BOA and Land Title assert, TILA claims must be filed within one year of the date of the occurrence of the violation. 15 U.S.C. § 1640 (e) ("[a]ny action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation."); see also Weston v. AmeriBank, 265 F.3d 366, 368 (6th Cir. 2001) (dismissing TILA claim as barred by the statute of limitations).

Here, Heaton's loans were signed on March 15, 2006. The present action was initially filed on May 6, 2010, over four years later. Accordingly, the claim is time-barred.[7]

### C. Count III - Fraud, as to all defendants

In Count III, Heaton claims fraud as to all defendants. He says that all of the defendants made material misrepresentations to him relating to the loans at issue, including misrepresentations about the loan interests rates and terms and conditions. Heaton further asserts that defendants collectively signed loan documentation on his behalf and without his authorization, and failed to disclose to Heaton that his ex-wife had signed a notice of

---

[7]In his response brief, Heaton argues that the TILA statute of limitations is extended because he never received a notice of his right to rescind. Thus, he says the limitations period during which he had a right to rescind was extended. On this ground, he appears to argue that the rescission extension also extends the TILA statute of limitations. Heaton cites no authority for this assertion. Rather, he cites an out of circuit case from of the Northern District of California, Kelley v. Mortgage Electronic Registration Systems, 642 F. Supp. 2d 1048 (N.D. Cal. 2009), for the proposition that a plaintiff who alleges that they were not provided notice of their right to rescind may take advantage of the extended statute of limitations for rescission. This case does not support the argument that Heaton's TILA claim is timely; the argument lacks merit.

right to rescission. Heaton says these acts were intentional, willful, and reckless.

Under Michigan law, the elements of fraud are:

(1) The defendants made a material representation;

(2) The representation was false;

(3) When the defendant made the representation, it knew that it was false, or the defendant made the representation recklessly, without any knowledge of its truth, and as a positive assertion;

(4) The defendant made the representation with the intention that it should be acted on by the plaintiff;

(5) The plaintiff acted in reliance on the representation;

(6) The plaintiff suffered injury due to his reliance on the representation.

Bennett v. MIS Corp., 607 F.3d 1076, 1100 (6th Cir.2010) (quoting Cummins v. Robinson Twp., 283 Mich.App. 677, 770 N.W.2d 421, 435 (2009)).

Further, Fed. R. Civ. P. 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir.1999). To satisfy the requirements of Rule 9(b), a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the [the other party]; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir.1993) (internal quote marks and citations omitted); see also Vild v. Visconsi, 956 F.2d 560, 567 (6th Cir.1992). A party's allegations must satisfy Rule 9(b)'s particularity requirement with regard to each element of the claim of fraud and with regard to each defendant against whom fraud is alleged. See

Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co., 940 F. Supp. 1101, 1114 (W. D. Mich.1996).

Here, Heaton's complaint does not state fraudulent activity with specificity.  Indeed, Heaton fails to state even the specific defendants involved in the fraudulent activity.  Rather, he generally asserts that "defendants" – all of whom performed different roles in executing Heatons' loans – committed fraudulent acts.  Under Fed. R. Civ. P. 9 (b), this is insufficient and the claim must be dismissed.  See Picard Chem. Inc., supra (finding defendant's counterclaim did not comply with Fed. R. Civ. P. 9 (b) where the counterclaim stated a fraudulent scheme, but did not sufficiently state an "allegation of the time, place, and content of the alleged misrepresentation").

### D.  Count IV - Violation of The Michigan Consumer Mortgage Protection Act, as to all defendants

In Count IV, Heaton claims that defendants collectively violated the Michigan Consumer Mortgage Protect Act (CMPA) by making misrepresentations on the loan documentation, failing to disclose closing documents to Heaton, and failing to witness the execution of closing documents, among other things.

As BOA and Land Title assert, the CMPA does not provide for a private cause of action.  See Strickfaden v. Park Place Mortgage Corp., 2008 WL 3540079 (E.D. Mich. 2008) ("the [CMPA] provides for an enforcement action by the commissioner . . . or by the attorney general or county prosecuting attorney . . . . "[t]he [CMPA] does not provide a private cause of action"); see also Greene v. Benefit Mortgage Corp., 2009 WL 56056, *4 (E.D. Mich. 2009); Chowdhury v. Aegis Mortgage, 2009 WL 3270090, *5 (E.D. Mich. 2009); Anderson v. Franklin, 2010 WL 742765, *14 (E.D. Mich. 2010).  Thus, Heaton's CMPA

7

claim must be dismissed.

### E. Count V - Equitable Relief and Declaratory Judgment, as to all defendants

Count V claims that Heaton is entitled to equitable relief in the form of voiding the mortgage agreements because there is no adequate remedy at law. Heaton further asks the Court to enjoin defendants from commencing a foreclosure action. Heaton's argument lacks merit.

The granting of a declaratory judgment rests in the sound discretion of the trial court. Grand Trunk R. Co. v. Consol. R. Co., 746 F.2d 323, 325 (6th Cir.1984). The Sixth Circuit applies the following criteria to determine whether it is appropriate for a district court to issue a declaratory ruling: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relationship in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Id. at 326. It follows that when neither of these results can be accomplished, the court should decline to render the declarations prayed. Id.

Further, for equitable relief to be appropriate, there must be some equitable basis, such as fraud or misrepresentation. Ombrello v. Duluth, S.S. & A. Ry. Co., 252 Mich. 396, 403 (1930); M.C.L. 500.2218 (remedy of rescission of insurance contract requires material misrepresentation).

Here, Heaton has not adequately stated claims of fraud or misrepresentation in order to be entitled to equitable relief. Indeed, Heaton has failed to adequately state any claim sufficient to prevail against a motion to dismiss. Thus, the relief sought is not warranted.

**F. Count VI - Violation of The Michigan Mortgage Brokers, Lenders, and Servicers Act, as to Goldberg, Pollock, Bell, Countrywide[8]**

In Count VI, relying on The Michigan Mortgage Brokers, Lenders, and Services Act (MBA), Heaton again claims fraudulent loan activities against Goldberg, Pollock, Bell, and Countrywide. The MBA prohibits a mortgage broker from engaging in "fraud, deceit, or material misrepresentation in connection with any transaction governed by this act." § 445.1672(b). Further, the MBA does not apply to:

> (a) A depository financial institution whether or not the depository financial institution is acting in a capacity of a trustee or fiduciary. . . .
>
> (m) A mortgage broker, mortgage lender, or a mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or affiliate of a holding company of a depository financial institution, if the depository financial institution maintains its main office or a branch office in this state.

§ 445.1675.

Here, as stated above, Heaton failed to adequately state a claim for fraud. Thus, on the same ground, the MBA claim must be dismissed. Further, BOA is a holding company of Bank of America, North America, and Countrywide is an affiliate. Thus, the MBA does not apply to either BOA or Countrywide.

**G. Count VII - Negligent Supervision, as to Land Title**

Count VII claims negligent supervision as to Land Title on the ground that Land Title failed to supervise Goldberg, Pollock, Fisher, and Bell while they were processing of the

---

[8]Realtime was originally named in this count. However, because Heaton stipulated to Realtime's dismissal, the claim no longer needs to be addressed.

loans, i.e., while they were notarizing loan documents, completing closing documents, and disbursing loan escrow funds. Heaton claims that Land Title knew or should have known of fraudulent loan activities by its employees. To establish a claim of negligent supervision, there must be a showing that Land Title's employees committed some actionable misconduct. Teadt v. Lutheran Church Missouri Synod, 237 Mich. App. 567, 583 (1999). Further, Heaton must make some showing that Land Title knew or should have known that the employee had a propensity to undertake the actionable misconduct. Zsigo v. Hurley Med. Ctr., 475 Mich. 215, 244 (2006).

Here, Heaton makes a conclusory statement that Land Title should have known that its employees were committing fraudulent acts; this is insufficient to show that Land Title knew of actionable misconduct. Moreover, as stated above, Heaton has failed to sufficiently state that any actionable misconduct occurred. Thus, this claim will be dismissed.

### H. Count VIII - Negligent Lending, as to Countrywide and BOA

Count VIII claims negligent lending by Countrywide and BOA. Particularly, Heaton says that Countrywide and BOA's loan policies are "predatory and negligent." As an initial matter, insofar as this claim is based on predatory lending, it must be dismissed because Michigan does not recognize a claim for predatory lending. See Saleh v. Home Loan Services, Inc., 2009 WL 2496682, *2 n. 1 (E.D. Mich. Aug.17, 2009); see also Beydoun v. Countrywide Home Loans, Inc., 2009 WL 1803198, *4 (E.D. Mich. June 23, 2009). Further, the relationship between a borrower and lender will generally not establish a lender's duty to the borrow to exercise reasonable care in determining the borrower's eligibility for a loan,

except in usual cases where the lender and borrower have a special relationship that warrants imposing such a duty on the lender. Ulrich v. Federal Land Bank of St. Paul, 192 Mich. App. 194, 196 (1991). Here, Heaton has not claimed a special relationship sufficient to impose such a heightened duty on BOA or Countrywide. Thus, the claim must be dismissed.

### I.  Count IX - Unjust Enrichment, as to all defendants

In Count IX, relying again on a fraud theory, Heaton claims that defendants were unjustly enriched by wrongfully profiting at Heaton's expense. However, an unjust enrichment claim cannot be maintained where there is an express contract that covers the same matter. That is, an action for unjust enrichment seeks to an imply a contract, which is not necessary or proper is an express contract covering the same matter exists. Kammer Asphalt Paving v. East China Township Schools, 443 Mich. 176 (1993). Here, because there are express contracts in the form of mortgage agreements, Heaton's claim must be dismissed.

### J.  Count X - Civil Conspiracy, as to all defendants

In Count X, Heaton asserts a civil conspiracy. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc., 257 Mich. App. 365, 384 (2003). To establish civil conspiracy, "it is necessary to prove a separate, actionable tort." Id. (citation omitted). Here, Heaton has not made adequate claims to show any concerted action by defendants and has not claimed an underlying tort. Thus, the claim will be dismissed.

### K. Count XI - Violation of the Fair Credit Reporting Act, as to Goldberg, Countrywide, BOA, and Landsafe

In Count XI, Heaton claims that Goldberg, Countrywide, BOA, and Landsafe violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq, by pulling his credit report excessively, either willfully or negligently, over a period of four months which had the effect of lowering Heaton's credit score substantially. FCRA claims must be brought within two years after the date of the discovery of the violation that is the basis for the liability. 15 U.S.C. § 1681(p). Here, Heaton claims that he was forced into the loans presently at issue, i.e., subprime loans, because his credit score had dropped. Heaton obtained the loans on March 15, 2006, over five years ago. Thus, the claim is time-barred.[9]

### L. Count XII - Violation of Racketeer Influenced and Corrupt Organizations Act, as to Goldberg, Pollock, Bell, Fisher, Land Title, and Vines

In Count XII, Heaton claims that Goldberg, Pollock, Bell, Land Title, and Vines violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961.[10] Heaton says that they "illegally, maliciously, and wrongfully acted in concert with one another with the intent and with the purpose of defrauding [Heaton] . . . by writing letters and signing initials and/or dates for Heaton . . . and by the payment of [Heaton's] outstanding obligations to the Ohio Department of Health and Human Services to his ex-

---

[9]Heaton argues in his response brief that he did not learn that his credit report had been pulled until "long after the closing date." However, this argument contradicts the second amended complaint which states that he was forced into the subprime loans because of his low credit score. (See Doc. 28, ¶ 133). Heaton's argument lacks merit.

[10]In his response brief, Heaton stipulates to the dismissal of Land Title only relating to this claim. (Doc. 44, p. 23).

12

wife." (Doc. 28, ¶ 138).

The elements of a RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. <u>Sedima S.P.R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 496 (1985). To sustain a RICO claim beyond the pleading stage, plaintiffs must allege specific facts establishing each and every element of the claim. <u>Id.</u> To demonstrate a pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after the effective date of the statute and the last of which occurred within ten years after the commission of a prior act of racketeering activity. 18 U.S.C. § 1961(5). Further, to establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of continuing racketeering activity. <u>H. J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 241 (1989). Finally, a plaintiff must show both a "relationship between the predicates" and the "threat of continuing activity." <u>Vild v. Visconsi</u>, 956 F.2d 560, 565 (6th Cir. 1992).

Here, Heaton has failed to claim a pattern of racketeering so as to prevail against a motion to dismiss. Rather, Heaton claims a single fraudulent scheme related to the loans, which the Sixth Circuit has held is insufficient. See <u>Vemco v. Camardella</u>, 23 F.3d 129, 134-35 (6th Cir. 1994) (upholding a dismissal by the district court when the plaintiff failed to demonstrate a pattern of racketeering activity by claiming a single fraudulent scheme, which lasted in total seventeen months, and which was a single criminal episode aimed at getting plaintiff to pay the cost of one paint system). Accordingly, like in <u>Vemco</u>, <u>supra</u>, the claim must be dismissed.

## V. Conclusion

For the reasons stated above, Heaton's complaint fails to establish a plausible claim.[11] Thus, BOA and Land Title's motions to dismiss are GRANTED. The case is DISMISSED as to all defendants.

SO ORDERED.

Dated: July 26, 2011

                                           S/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 26, 2011, by electronic and/or ordinary mail.

                                           S/Julie Owens
                                           Case Manager, (313) 234-5160

---

[11] Heaton's supplemental filing, (Doc. 46), fails to persuade the Court to a contrary conclusion. Indeed, relating to why dismissal is not appropriate, Heaton makes a general argument that sufficient facts have been stated so as to "sustain recovery under some legal theory." (Id. at 4). The argument lacks merit. Further, Heaton's arguments relating to summary judgment do not apply because the complaint is insufficient under Fed. R. Civ. P. 12(b)(6). Even if the Court had decided the motion under Fed. R. Civ. P. 56, Heaton's argument that genuine issues of material fact exist and further discovery requires the case to go forward to trial lack merit: the issue of how a check from his line of home equity credit was disbursed is not a material fact relating to any of Heaton's claims, and Heaton has not shown that further discovery would change the Court's decision. See Ross v. Duggan, 402 F.3d 575, 588 (6th Cir. 2004) (granting summary judgment despite plaintiff's argument that further discovery was warranted because "no discovery was necessary to dispose of [a] misconstructed claim").